UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Carol Stith, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>Merck & Co., Inc.,<br><br>        Defendant. | Civil Action No. 02-CV-4176 |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MERCK & CO., INC. TO PLAINTIFF'S COMPLAINT

Defendant Merck & Co., Inc. ("Merck"), by its attorneys, hereby serves its Answer and Affirmative Defenses to Plaintiff's Complaint ("Answer").

1. Merck denies that it engaged in any unlawful employment practices. The remaining allegations in Paragraph 1 of the Complaint constitute conclusions of law to which no responsive pleading is required.

2. Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of Paragraph 2 of the Complaint, and the allegations contained in the second and third sentences of Paragraph 2 of the Complaint are therefore denied. The remaining allegations in Paragraph 2 of the Complaint constitute conclusions of law to which no responsive pleading is required.

3. Merck admits that this Court denied the plaintiffs' motion for class certification in Webb v. Merck & Co., Inc., Civ. A. No. 99-413 (E.D. Pa. filed Jan. 27, 1999) on April 1, 2002. The remaining allegations in Paragraph 3 of the Complaint constitute conclusions of law to which no responsive pleading is required.

4. Merck admits that it does business within this District. The remaining allegations in Paragraph 4 of the Complaint constitute conclusions of law to which no responsive pleading is required.

5. Merck admits that Plaintiff is an African-American woman. Merck admits that Plaintiff was hired to work at Merck's Rahway, NJ facility on March 27, 1989. Merck admits that Ms. Stith's initial position with Merck was a Secretary I. Merck admits that at the time of her separation from Merck in 2002, Ms. Stith was working as a Senior Procurement Associate. Merck denies the remaining allegations in Paragraph 5 of the Complaint.

6. Merck admits that it is a corporation doing business in the United States and that it employs more than 500 employees. Merck denies the remaining allegations in Paragraph 6 of the Complaint.

7. Merck admits that Plaintiff purports to bring this action on behalf of the class described in Paragraph 7 of the Complaint. Merck denies the remaining allegations in Paragraph 7 of the Complaint.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Merck admits that it has promulgated equal employment opportunity and anti-discrimination policies and procedures that apply to all employees and all divisions. Merck denies the remaining allegations in Paragraph 12 of the Complaint.

13. Denied.

14. Denied.

15. Merck admits that on June 6, 1979, the Office of Federal Contract Compliance Programs entered into a Conciliation Agreement with Merck relating to the West Point, Pennsylvania and Rahway, New Jersey plants. The remaining allegations in Paragraph 15 of the Complaint refer to a document, the terms of which speak for itself. Plaintiff's characterization of the terms of the document is denied. Merck also denies that the Veterans' Administration was the federal agency at that time that had jurisdiction over employment discrimination cases in the drug industry.

16. Denied, including subparts (a)-(d).

17. Merck admits that the Conciliation Agreement referenced in Paragraph 17 of the Complaint became effective on July 1, 1979 and expired on June 30, 1982 except as otherwise noted in the Conciliation Agreement. Merck denies the remaining allegations in Paragraph 17 of the Complaint.

18. The first sentence in Paragraph 18 of the Complaint is denied. The remaining allegations in Paragraph 18 of the Complaint refer to a document, the terms of which speak for itself. Plaintiff's characterization of the terms of the document is denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Merck admits that from 1989 to 1991, Ms. Stith worked as a Secretary I in the Toll Manufacturing Coordination area. Merck is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 25 of the Complaint, and the remaining allegations in Paragraph 25 of the Complaint are therefore denied.

26.  Merck admits the first sentence of Paragraph 26 of the Complaint. Merck denies the remaining allegations in Paragraph 26 of the Complaint.

27.  Merck admits that in September of 1992, Ms. Stith was reassigned to a Secretary II position. Merck denies the remaining allegations in Paragraph 27 of the Complaint.

28.  Merck admits that in June of 1999, Plaintiff was reassigned to Merck's Rahway, NJ facility. Merck admits that Ms. Stith was informed by her Supervisor that she would not be receiving stock options in a year she received a Meets Expectations performance rating. Merck denies the remaining allegations of Paragraph 28 of the Complaint.

29.  Merck denies the second sentence of Paragraph 29 of the Complaint. Merck is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the Complaint, and the remaining allegations in Paragraph 29 of the Complaint are therefore denied.

    (a)    Denied.

    (b)    Denied.

    (c)    Denied.

    (d)    Admit.

    (e)    Admit.

    (f)    Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29(f) of the Complaint, and the allegations in Paragraph 29(f) of the Complaint are therefore denied.

(g)     Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29(g) of the Complaint, and the allegations in Paragraph 29(g) of the Complaint are therefore denied.

(h)     Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29(h) of the Complaint, and the allegations in Paragraph 29(h) of the Complaint are therefore denied.

(i)     Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29(i) of the Complaint, and the allegations in Paragraph 29(i) of the Complaint are therefore denied.

(j)     Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29(j) of the Complaint, and the allegations in Paragraph 29(j) of the Complaint are therefore denied.

(k)     Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29(k) of the Complaint, and the allegations in Paragraph 29(k) of the Complaint are therefore denied.

(l)     Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29(l) of the Complaint, and the allegations in Paragraph 29(l) of the Complaint are therefore denied.

(m)     Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29(m) of the Complaint, and the allegations in Paragraph 29(m) of the Complaint are therefore denied.

(n)     Admit.

(o)     Admit.

      (p)    Merck admits the first sentence of Paragraph 29(p) of the Complaint. Merck denies the remaining allegations in Paragraph 29(p) of the Complaint.

      (q)    Admit.

      (r)    Merck admits the first sentence of Paragraph 29(r) of the Complaint. Merck admits that Plaintiff was interviewed for this position, but did not receive it. Merck is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29(r) of the Complaint, and the remaining allegations in Paragraph 29(r) of the Complaint are therefore denied.

      (s)    Denied.

30.    Merck admits that Plaintiff was informed by Marisa Guisante and Scott Higgins that her position was being eliminated on February 14, 2002. Merck admits that Ms. Stith objected to her termination. Merck admits that when Plaintiff's position was eliminated, there were three open positions in the procurement area. Merck denies that Plaintiff was qualified to perform any of these three positions. Merck admits that these three open positions were eventually filled by white females. Merck denies the remaining allegations in Paragraph 30 of the Complaint.

31.    The allegations in Paragraph 31 of the Complaint constitute conclusions of law to which no responsive pleading is required.

32.    The allegations in Paragraph 32 of the Complaint, including subparts (a)-(e), constitute conclusions of law to which no responsive pleading is required.

33.    The second sentence in Paragraph 33 of the Complaint is denied. The remaining allegations in Paragraph 33 of the Complaint constitute conclusions of law to which no responsive pleading is required.

34. The allegations in Paragraph 34 of the Complaint constitute conclusions of law to which no responsive pleading is required.

35. Denied.

36. The allegations in Paragraph 36 of the Complaint constitute conclusions of law to which no responsive pleading is required.

37. The allegations in Paragraph 37 of the Complaint constitute conclusions of law to which no responsive pleading is required.

38. The allegations in Paragraph 38 of the Complaint constitute a demand to which no responsive pleading is required.

## RESPONSE TO PLAINTIFF'S CLAIMS

### The Civil Rights Act of 1866, 42 U.S.C. §1981

39. Merck incorporates by reference its responses to Paragraphs 1 through 38 above as if set forth herein in their entirety.

40. Denied.

41. Denied.

42. Merck admits that Plaintiff seeks the relief described in Paragraph 42 of the Complaint on behalf of herself and the purported class. It is denied that Plaintiff or the members of the purported class are entitled to such relief. The remaining allegations in Paragraph 42 of the Complaint are denied.

### Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d

43. Merck incorporates by reference its responses to Paragraphs 1 through 42 above as if set forth herein in their entirety.

44. Denied.

45. Denied.

46. For the reasons set forth in Merck's May 15, 2001 Motion for Judgment on the Pleadings filed in <u>Webb, et al. v. Merck & Co., Inc.</u>, Civ. A. No. 99-413 (E.D. Pa. 1999) relating to those plaintiffs' Title VI disparate impact allegations, as incorporated by reference in this matter pursuant to a stipulation among the parties, the claims in Paragraph 46 of the Complaint should be dismissed. Accordingly, Merck does not respond to the allegations set forth in Paragraph 46 of the Complaint.

47. Merck admits that Plaintiff seeks the relief described in Paragraph 47 of the Complaint on behalf of herself and the purported class. It is denied that Plaintiff or the members of the purported class are entitled to such relief. The remaining allegations in Paragraph 47 of the Complaint are denied.

### Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e

48. Merck incorporates by reference its responses to Paragraphs 1 through 47 above as if set forth herein in their entirety.

49. Denied.

50. Denied.

51. Denied.

52. Merck admits that Plaintiff seeks the relief described in Paragraph 52 of the Complaint on behalf of herself and the purported class. It is denied that Plaintiff or the members of the purported class are entitled to such relief. The remaining allegations in Paragraph 52 of the Complaint are denied.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of

limitations.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that she failed to satisfy the statutory and/or jurisdictional prerequisites to the institution of an action under Title VII of the Civil Rights Act of 1964, as amended.

### Third Affirmative Defense

Plaintiff has failed to state a claim upon which relief may be granted.

### Fourth Affirmative Defense

Merck exercised reasonable care to prevent and correct promptly any harassing behavior and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Merck or to avoid harm otherwise.

### Fifth Affirmative Defense

To the extent Merck receives federal funding, if any, the primary objective of the federal funding is not to provide employment.

### Sixth Affirmative Defense

Plaintiff's claims for monetary relief are barred to the extent she has failed to mitigate her alleged monetary losses.

### Seventh Affirmative Defense

Defendant has made a good faith effort to comply with all applicable nondiscriminatory laws, and therefore, Plaintiff is not entitled to punitive damages.

**Eighth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

Respectfully submitted,

_____
JUDITH E. HARRIS (I.D. No. 02358)
MICHAEL J. OSSIP (I.D. No. 30912)
JOSHUA R. LUBIN (I.D. No. 84431)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5028/5761/5441

Attorneys for Defendant Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I, Joshua R. Lubin, hereby certify that a true and correct copy of Defendant Merck & Co., Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint was served by first class mail this 12th day of August, 2002 upon:

>Robert T. Vance, Jr., Esquire
>Suite 700, 1616 Walnut Street
>Philadelphia, PA 19103
>
>and
>
>Isaac H. Green, Jr., Esquire
>Suite 700, 1616 Walnut Street
>Philadelphia, PA 19103
>
>and
>
>Joseph C. Kohn, Esquire
>Martin J. D'Urso, Esquire
>Kohn, Swift & Graf, P.C.
>One South Broad Street, Suite 2100
>Philadelphia, PA 19107
>
>Attorneys for Plaintiff

_____
JOSHUA R. LUBIN