IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------------

ROSE THOMPSON, individually and on
behalf of all others similarly situated

C.A. NO. 01-1004

VS.

MERCK & CO., INC,
MERCK-MEDCO MANAGED CARE, L.L.C.

-------------------------------------------------------------

DONNA RODGERS, individually and on
behalf of all others similarly situated,

VS.                                    C.A. NO. 01-1328

MERCK & CO., INC.

-------------------------------------------------------------

VALERIE CATES, individually and on
behalf of all others similarly situated,

VS.                                    C.A. NO. 01-3011

MERCK & CO., INC.

CYNTHIA MARTIN, MARCELLA R. TAMS,
STEVEN C. LEE AND JAMES E. THOMAS,
individually and on behalf of all similarly-situated
African-Americans

               VS.                        C.A. NO. 01-6029.

MERCK & CO., INC.

-----------------------------------------------------------

JOSEPHINE L. CHISOM AND
ADRIENNE S. DIXON, individually and on
behalf of all others similarly situated

               VS.                        C.A. NO. 02-1196

MERCK & CO., INC.

CAROL  STITH, individually and
on behalf of all others similarly situated

               VS.                        C.A. NO. 02-4176

MERCK & CO., INC.

## MEMORANDUM OPINION AND ORDER

WEINER, J.                                      JANUARY 6, 2004

        In the case of Webb v. Merck, 206 F.R.D. 399 (E.D.Pa. 2002), the twenty named

plaintiffs brought an employment discrimination action against Merck & Co., Inc. ("Merck"),

alleging that Merck engaged in intentional ("disparate treatment") discrimination in violation of

-2-

the Civil Rights Act of 1866, 42 U.S.C. 1981, Title VI of the Civil Rights Act of 1964, as

amended, 42 U.S.C. 2000d and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

2000e et seq. Plaintiffs sought to have this court certify a class to adjudicate "compensation

disparity" claims made by or on behalf of the following class members: "All black employees

who work (or former employees who have worked since January 1, 1989) for Merck & Co., (a)

in the Merck Manufacturing Division at a plant in Pennsylvania, New Jersey or Georgia, or (b) as

a Merck sales representative in the Mid-Atlantic Regional Business Group of Merck's United

States Human Health Division." Webb, 206 F.R.D. at 401. Although plaintiffs sought

compensatory and punitive damages, they sought class certification only as to liability issues as

well as their damage claims seeking equitable relief regarding compensation issues.

  We denied the motion for class certification. At the outset, we noted the enormity

of the potential class. The class would have included "all black employees at every level and

every grade at six separate facilities in five states, in two divisions, including union and non-

union employees and their supervisors, managers and non-managers, sales representatives and

secretaries and their supervisors and any other employee from vice-president to janitor." Id. We

noted that plaintiffs themselves estimated that the number of potential class members could

exceed 5000.

  We found that plaintiffs could not satisfy the commonality and typicality

requirements of Rule 23(a) of the Federal Rules of Civil Procedure for class certification. We

noted that "other than sharing the common position of being black employees of Merck, the

plaintiffs' allegations are discrete and individualized. Plaintiffs were employed in different states,

in different divisions, in different facilities and at different levels within the company hierarchy.

Their grievances are not susceptible to generalized proof or defenses. In essence, this action is nothing more than a consolidation of 20 accounts of individualized disparate treatment." <u>Id</u>. at 408. We also concluded that "resolution of the merits of the claims would degenerate into an unmanageable plethora of multiple individual determinations for each individual proposed class member." <u>Webb</u>, 206 F.R.D. at 406.

We also found that there were too many individualized issues to allow a class action to be maintained under Rule 23(b)(2). We stated that "in order to resolve each putative class member's claim, the fact finder will be forced to evaluate the individualized facts and circumstances surrounding compensation decisions relating to initial assignments, performance reviews, job postings, promotions and overall compensation." <u>Id</u>. at 409.

The plaintiffs sought permission with our Court of Appeals pursuant to Rule 23(f) of the Federal Rules of Civil Procedure to appeal this Court's ruling denying class certification. Plaintiffs' request was denied by Order dated June 18, 2002.

The above-captioned actions are all related to <u>Webb</u> and indeed were filed by the same counsel who represented the plaintiffs in <u>Webb</u>. Like <u>Webb</u>, the main impediment to class certification in these actions is that they challenge hundreds if not thousands of independent employment decisions. The <u>Rodgers</u>, <u>Cates</u>, <u>Thompson</u>, and <u>Martin</u> actions were filed on behalf of a class consisting of all African-Americans who have been employed or were denied employment by Merck during a relevant time period.  The <u>Stith</u> action was filed "on behalf of present and former African-American employees who work(ed) at Merck's facility in Rahway, NJ." <u>Stith</u> Complaint at paragraph 7. The <u>Chisom</u> action was filed "on behalf of present and former African-American employees who work(ed) at Merck's facility in Whitehouse Station,

NJ. <u>Chisom</u> Complaint at paragraph 7. In all of the actions, plaintiffs contend they have been subjected to a continuous and pervasive pattern of racial discrimination by Merck in that Merck's managers and supervisors have created a racially hostile work environment, Merck's equal employment and anti-discrimination policies are applied by its managers and supervisors in aa subjective manner with little guidance from Merck, and Merck has condoned the general practice of discriminating against Blacks in the areas of hiring, compensation, promotion, demotion, job assignments, training, transfer, layoff, discharge and discipline. In all of the actions, plaintiffs seek declaratory and injunctive relief as well as compensatory and punitive damages "in amounts to be determined at trial." Presently before the Court is Merck's renewed motion to strike plaintiff's class allegations in all of these actions pursuant to Rules 23(c)(1) and 23(d)(4) of the Federal Rules of Civil Procedure. For the reasons which follow, the motion is granted.

At the outset, we note that plaintiffs argue that this court lacks authority to strike class action allegations from the complaint until after the plaintiffs have filed a motion for class certification. We do not agree. Rule 23(c) provides that the court should make a determination as to whether a class action is maintainable "as soon as practicable after the commencement of an action." If the court determines that the prerequisites of Rule 23 are not satisfied, then the court may issue an order "requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons." Fed.R.Civ.P. 23 (d)(4).

Despite the length of time which has expired since these actions were filed, plaintiffs have never filed a motion for class certification in any of them. There is no point in waiting any further. It is clear from the allegations in the complaints and the affidavits plaintiffs

have since submitted that plaintiffs' claims cannot satisfy the requirements of Rule 23(b)(2) or

(b)(3). No amount of additional class discovery will alter this conclusion. To the contrary,

additional discovery will in all likelihood further illuminate the subjective and intangible

differences of each class member's individual circumstances.

To obtain class certification, plaintiffs must establish all four elements of Rule

23(a) of the Federal Rules of Civil Procedure along with one provision of Rule 23(b). Johnston v.

HBO Film Management, Inc., 265 F.3d 178, 183 (3d Cir. 2001). If all four elements of Rule

23(a) are satisfied, the court must also find that the class is maintainable under Rule 23(b)(1), (2)

or (3). In these cases, plaintiffs seek certification pursuant to either 23(b)(2) or 23(b)(3). Because

plaintiffs cannot satisfy either Rule 23(b)(2) or (3), we need not address whether the proposed

class meets the requirements of Rule 23(a).

Rule 23(b)(2) allows certification where, "the party opposing the class has acted

or refused to act on grounds generally applicable to the class, thereby making appropriate final

injunctive relief or corresponding declaratory relief with respect to the class as a whole." Class

actions certified under (b)(2) are restricted to those cases where the primary relief sought is

injunctive or declaratory relief. Barnes v. American Tobacco Co., 161 F.3d 127, 142-43 (3d Cir.

1998), cert denied, 526 U.S. 1114 (1999). The reason for this restriction is that unnamed

members of classes certified under Rule 23(b)(2) cannot opt out as they can in Rule 23(b)(3)

actions. As a result, class cohesion is necessary and is presumed where a class suffers from a

common injury and seeks class-wide injunctive relief. Id. at 142-143. In contrast, when a class

seeks monetary relief, the class becomes less cohesive because assessing these damages often

necessitates an examination into individual claims.

-6-

The Court of Appeals for the Fifth Circuit has held that "monetary relief predominates in (b)(2) class actions unless it is incidental to requested injunctive or declaratory relief."Allison v. Citgo Petroleum Corp., 151 F.3d 402, 415 (5th Cir. 1998).

Incidental damages are those "that flow directly from liability to the class as a whole on the claims forming the basis of the injunctive or declaratory relief." Id. (emphasis in original). The Allison Court also identified the following three factors that would define "incidental" damages:

(1) whether such damages are of a kind to which class members would be automatically entitled;

(2) whether such damages can be computed by "objective standards" and not standards significantly reliant upon "the tangible, subjective differences of each class member's circumstances"; and

(3) whether such damages would require additional hearings to determine.

Id.

The Allison standard has been adopted by the Fifth, Sixth, Seventh and Eleventh Circuit Courts of Appeal. See Coleman v. General Motors Acceptance Corp., 296 F.3d 443, 447-49 (6th Cir. 2002); Murray v. Auslander, 244 F.3d 807, 812 (11th Cir. 2001); James v. City of Dallas, 254 F.3d 551, 571 (5th Cir. 2001); Lemon v. International Union of Operating Engineers, 216 F.3d 577, 589 (7th Cir. 2000). It has also been adopted by several courts within this Circuit. See Miller v. Hygrade Food Products Corp., 198 F.R.D. 638, 641 (E.D.Pa. 2001) petition for appeal denied, No. 01-8005 (3d Cir. March 21, 2001); Reap v. Continental Casualty Co., 199 F.R.D. 536, 546-547 (D.N.J. 2001); Osgood v. Harrah's Entertainment, Inc., 202 F.R.D. 115,

128-129 (D.N.J. 2001).

Our Court of Appeals has also indicated its intention to follow the <u>Allison</u>

approach. In <u>Barabin v. Aramark Corp.</u>, No. 02-8057, 2003 WL 355417 (3rd Cir. Jan. 24, 2003),

our Court of Appeals issued an Order denying the plaintiffs' petition brought under Rule 23(f) of

the Federal Rules of Civil Procedure seeking permission to appeal the district court's denial of

their motion for class certification. In the Order, the Court of Appeals explained in detail their

reasons for denying the petition by citing the <u>Allison</u> approach. The Order, while not published in

the Federal Reporter,  was published on both Westlaw and Lexis. The Order was also not marked

"Judgment Order" or "Non-Precedential". Based on all the above authority, we elect to follow

the <u>Allison</u> approach as well.[1]

In response to the motion to strike, plaintiffs have submitted 84 affidavits from

potential class members attesting to alleged discriminatory practices they suffered at the hands of

Merck. <u>See</u> Exhibits in Support of Plaintiffs' Opposition to Merck's Renewed Motion to Strike

Class Action Allegations at B. If anything, however, these affidavits underscore the

individualized nature of the plaintiffs' claims. Plaintiffs do not claim that their damages can be

computed on the basis of some objective, uniform calculation or in an amount which naturally

follows from an entitlement to a declaration or injunction against further harm. Rather, plaintiffs

claim in each of the above six actions that they have been damaged in an "amount to be proven at

---

[1]We decline the plaintiffs' invitation to follow the minority view set forth by the Ninth Circuit in <u>Molski v. Gleich</u>, 318 F.3d 937, 949-950 (9th Cir. 2003) and the Second Circuit in <u>Robinson v. Metro-North Commuter Railroad Co.</u>, 267 F.3d 147, 163-64 (2d Cir. 2001) <u>cert. denied</u>, 535 U.S. 951 (2002).(Both courts reasoning that to adopt a bright-line rule distinguishing between incidental and nonincidental damages for the purposes of determining predominance would nullify the discretion vested in the district courts through Rule 23.)

trial." Plaintiffs' request for compensatory and punitive damages on behalf of each class member would necessarily require individualized proof of injury. For example, evaluating claims for mental anguish and pain and suffering would necessarily involve a determination of whether and how each class member was personally affected by the alleged discriminatory conduct. Such damages, awarded on the basis of intangible injuries and interests, are uniquely dependent on the subjective and intangible differences of each class member's individual circumstances. As noted in Allison, "[t]he plaintiffs' claims for compensatory and punitive damages must therefore focus almost entirely on facts and issues specific to individuals rather than the case as a whole: what kind of discrimination was each plaintiff subjected to, how did it affect each plaintiff emotionally and physically, at work and at home; what medical treatment did each plaintiff receive and at what expense; and so on and so on." Allison, 151 F.3d at 419. Plaintiff's claims therefore cannot as a matter of law satisfy the prerequisites for class certification under Rule 23(b)(2). [2]

Rule 23(b)(3) provides for certification where, "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Like (b)(2) certification, (b)(3) certification is precluded where individual issues predominate. Barnes, 161 F.3d at 143. Although all the plaintiffs claim they were discriminated against by Merck on the basis of their race, they allege

_____

[2]Plaintiffs' reliance on an unpublished decision by Judge Green in which he certified, pursuant to 23(b)(2), a class consisting of all African-American exempt employees of Sunoco, Inc. employed in the Philadelphia area from January 1, 1996 to the present is unavailing. Ketchum v. Sunoco, Inc., Civ. A. No. 01-1042 (E.D. Pa. July 11, 2003). The certification under 23(b)(2) was granted only after plaintiffs' counsel withdrew his request for individual money damages and announced he would seek only equitable damages for the class. See Sunoco decision at 2.

that they were exposed to the alleged discrimination in varying ways, by different people, for different amounts of time and experienced different injuries. For example, affiant Jeannette Brown avers that she was denied a promotion to a "position in Merck's Institute for Science Education" in Merck's MRL division at Rahway, NJ because that position "went to a Hispanic woman." J. Brown Aff. at 5, 9. Affiant Toya Copeland, who worked in Merck's Calgon subsidiary in New York from 1982 to 1995, claims that she was denied a promotion to a District Manager position in 1990. T.Copeland Aff. at 3, 5.  Affiant Kimberly Grant avers that he was discharged from his service worker position at Merck's MMD facility in Albany, Georgia in 1995. K. Grant Aff. at 4. Affiant Patricia Harris avers that while she was employed in Merck's USHH division's ophthalmic sales organization in Chicago from 2000 to 2002, her supervisor unfairly reprimanded her. P.Harris Aff. at 9, 11.

Of course, Merck states that it has defenses that are unique to each individual claim. These include the statute of limitations, res judicata, signed settlement agreements and general releases by several of the affiants and a littany of potential, legitimate non-discriminatory reasons for taking action that are unique to each claimant. Simply put, no two plaintiffs were discriminated against in the same manner. Under such circumstances, an action conducted nominally as a class action would degenerate in practice into multiple lawsuits separately tried. Allison, 151 F.3d at 419. As in Webb, the fact finder would have to make individualized inquiries regarding the nature of each member's claim to determine whether he or she was the victim of intentional discrimination. These individualized fact issues would predominate during the liability phase of any trial as well as in the damage phase. As such, the individualized determinations that the fact finder would have to make to for each member of the proposed class

-10-

would clearly "predominate" over any common issues, thus precluding certification under Rule 23(b)(3).

For similar reasons, we find that plaintiffs have failed to meet the superiority requirement of (b)(3). Since individual issues dominate with respect to both liability and damages, the economies of time, effort and expense which are the very goals of the class action would not be achieved. Thus, the superiority of the class action is undermined.

For the foregoing reasons, we conclude that the classes presented here cannot meet the requirements of Rule 23(b) and therefore the class allegations must be stricken from the complaints.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------

ROSE THOMPSON, individually and on
behalf of all others similarly situated

C.A. NO. 01-1004

VS.

MERCK & CO., INC,
MERCK-MEDCO MANAGED CARE, L.L.C.

------------------------------------------------------------

DONNA RODGERS, individually and on
behalf of all others similarly situated,

VS.                                    C.A. NO. 01-1328

MERCK & CO., INC.

------------------------------------------------------------

VALERIE CATES, individually and on
behalf of all others similarly situated,

VS.                                    C.A. NO. 01-3011

MERCK & CO., INC.

CYNTHIA MARTIN, MARCELLA R. TAMS,
STEVEN C. LEE AND JAMES E. THOMAS,
individually and on behalf of all similarly-situated
African-Americans

                        VS.                                    C.A. NO. 01-6029.

MERCK & CO., INC.

------------------------------------------------------------
JOSEPHINE L. CHISOM AND
ADRIENNE S. DIXON, individually and on
behalf of all others similarly situated

                        VS.                                    C.A. NO. 02-1196

MERCK & CO., INC.

CAROL  STITH, individually and
on behalf of all others similarly situated

                        VS.                                    C.A. NO. 02-4176

MERCK & CO., INC.

<u>ORDER</u>

The renewed motion of the defendant to strike plaintiffs' class allegations (C.A.

No. 01-1004 Document # 14, C.A. No. 01-1328 Document #23, C.A. No. 01-3011 Document

#10, C.A. No. 01-6029 Document #6, C.A. No. 02-1196 Document #10, C.A. No. 02-4176

Document # 7)  is GRANTED.

All class allegations are STRICKEN from the above-captioned Complaints.

IT IS SO ORDERED.

                                            _____
                                                   CHARLES R. WEINER